

**FILED**

07/26/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0359

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0359

SCOTT WOMBOLT,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

**ORDER**

FILED

JUL 2 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Scott Wombolt petitions this Court for habeas corpus relief, contending that the Board of Pardons and Parole (Board) has violated Montana statutes in revoking his parole without applying the Montana Incentives and Interventions Grid (MIIG) as well as imposing the 120-day requirement of clear conduct before parole.

Wombolt puts forth that his incarceration is illegal. He explains that the Justice Court of Butte-Silver Bow County dismissed his charge of criminal possession of dangerous drugs and that he was sent to prison. He states that the Board revoked his parole "because of a few traffic tickets." He adds that, according to the Board, he must stay in prison for 120 days, which he contends violates § 46-23-1025, MCA. Wombolt argues that the Board should have applied the MIIG, pursuant to § 46-23-1028, MCA, to him instead of revoking his parole. He requests his immediate release from prison.

Available electronic records indicate that Wombolt was under supervision when he was charged with the offense on January 6, 2022, and then held in the Butte-Silver Bow County Detention Center. Wombolt also had a hold placed on him. Wombolt was transported to prison on April 6, 2022, prior to his revocation hearing in May.

As Wombolt correctly references, the Montana parole revocation process is governed by statutes and administrative rules. Sections 46-23-1021, 46-23-1023, 46-23-1024, and 46-23-1025, MCA; Admin R. M. 20.25.801 (2012). Wombolt's

confusion concerns his parole revocation even though his offense was dismissed. The State charged Wombolt with felony criminal possession of dangerous drugs, in violation of the condition to comply with laws and conduct. Even though the Justice Court dismissed Wombolt's criminal charge on the State's motion in March 2022, the Board may consider Wombolt's conduct related to the charged offense. Wombolt's conduct related to the charged new criminal offense could be considered non-compliance. "'Compliance violation' means a violation of the conditions of supervision that is not[,]" for Wombolt's circumstances, "a new criminal offense[.]" Section 46-23-1001(3)(a), MCA. While the Justice Court did not convict him for the offense, the Board may consider the offense and evidence of it under its broad authority. *McDermott v. McDonald*, 2001 MT 89, ¶ 20, 305 Mont. 166, 24 P.3d 200. The Board "may consider evidence of offenses which were charged in dismissed counts." *McDermott*, ¶ 20 (citations omitted).

Section 46-23-1028, MCA, only applies to compliance violations. Because Wombolt had been charged with committing a felony offense in January 2022, his Parole Officer did not apply the MIIG to him. Section 46-23-1001(3)(a), MCA. His Parole Officer was then required by statute to report this violation to the Board. Section 46-23-1025(1), MCA. The Board considered the Report of Violation, which listed Wombolt's new offense as a non-compliance violation, and once advised of the conduct constituting commission of the offense—even though the offense was later dismissed—properly revoked Wombolt's parole.

Lastly, the Board must impose 120 days of clear conduct. According to its rules, "an offender in a secure facility must have 120 days free of major disciplinary violations." Admin. R. M. 20.25.305(5) (2012). Wombolt must have 120 days of clear conduct before he can be considered for parole.

Wombolt is not entitled to his immediate release. The Board has correctly complied with Montana statutes and rules. We have stated many times that the Board has broad discretion in parole decisions. *McDermott*, ¶ 20. Wombolt violated his parole condition concerning laws and conduct, and the Board had reason to revoke his grant of parole. Admin. R. M. 20.25.801(16)(e) (2012).

2

"Parole . . . is a discretionary grant of freedom from incarceration." *McDermott*, ¶ 24. Wombolt violated his parole condition by committing a new offense, and thereby jeopardizing his "grant of freedom" by the Board. He has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Wombolt's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Scott Wombolt personally.

DATED this 26 day of July, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices